**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**06/24**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| **1. Debtor's Name** | **WP NewCo, LLC** | |
| **2. All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | **N/A** | |
| **3. Debtor's federal Employer Identification Number** (EIN) | **93-3132953** | |
| **4. Debtor's address** | **Principal place of business**<br>**5347 S Valentia Way #200**<br>Number Street<br><br>**Greenwood Village, CO 80111**<br>City State Zip Code<br><br>**Arapahoe**<br>County | **Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State Zip Code |
| **5. Debtor's website** (URL) | www.hoonigan.com | |
| **6. Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: | |

Debtor **WP NewCo, LLC** Case number *(if known)*
Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4413**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

District ______ When MM/DD/YYYY Case number ______

District ______ When MM/DD/YYYY Case number ______

Debtor **WP NewCo, LLC** Case number *(if known)*
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**
District **District of Delaware** When **09/08/2024** MM / DD / YYYY
Case number, if known

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number Street

City State Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency
Contact name
Phone

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor **WP NewCo, LLC** Case number *(if known)* ______
Name

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/08/2024**
MM/ DD / YYYY

✘ ***/s/ Vance Johnston***
Signature of authorized representative of debtor

**Vance Johnston**
Printed name

Title **President**

**18. Signature of attorney**

✘ **/s/ *Laura Davis Jones***
Signature of attorney for debtor

Date **09/08/2024**
MM/DD/YYYY

**Laura Davis Jones**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street, 17th Floor**
Number Street

**Wilmington** **DE** **19801**
City State ZIP Code

**(302)-652-4100** **ljones@pszjlaw.com**
Contact phone Email address

**2436** **DE**
Bar number State

| **Fill in this information to identify the case:** | | |
|---|---|---|
| United States Bankruptcy Court for the: | | |
| **District of Delaware** (State) | | |
| Case number *(if known):* | | Chapter 11 |

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Wheel Pros, LLC.

- Wheel Pros, LLC
- Wheel Pros Intermediate, Inc.
- Wheel Pros, Inc.
- WP NewCo Holdco, LLC
- WP NewCo, LLC
- TAP Automotive Holdings, LLC
- TAP Manufacturing, LLC
- TAP Worldwide, LLC
- Throtl Inc.
- Hoonigan, LLC
- Hoonigan Industries, LLC
- 43 Racing, LLC
- WPM Holdings, LLC
- Mobile Hi-Tech Wheels, LLC
- Just Wheels & Tires LLC
- TRS Holdco, LLC
- The Retrofit Source, LLC
- Morimoto Lighting LLC
- Defoor Products, LLC
- MF Equipment, LLC
- MF IP Holding, LLC
- Teraflex, Inc.
- Wheel Pros Parent II, Inc.
- Wheel Pros Parent, Inc.
- Wheel Pros Intermediate Holdings, Inc.
- Wheel Pros Holdings, L.P.
- American Racing Equipment, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WP NEWCO, LLC, | ) | Case No. 24-[____] (___) |
| Debtor. | ) | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| WP NewCo Holdco, LLC | 5347 S Valentia Way #200, Greenwood Village, CO 80111 | 100% |

1 This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WP NEWCO, LLC, | ) | Case No. 24-[____] (___) |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| WP NewCo Holdco, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name Wheel Pros, LLC, et al.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known):

❑ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE**<br>50 South Sixth Street, Suite 1290<br>Minneapolis, MN 55402 | Attn: Barry D. Somrock<br>P: 612-217-5642<br>F: 612-2175651 | 6.500% Unsecured Notes due May 2029 | | | | **$92,671,000.00** |
| 2 | **NITTO TIRE INC**<br>3565 Harbor Blvd<br>Costa Mesa, CA 92626-1405 | Attn: Keiko Brockel<br>P: 714-229-6100<br>F:<br>info@nittotire.com | Trade Payable | | | | **$18,095,302.04** |
| 3 | **SINOLION (HK) INT'L TRADING CO LTD**<br>Room D 10 F, Tower A Billi On 1 Bay Centre, Wang Kwong Rd<br>Hong Kong, Hong Kong | P:<br>F:<br>Teresacy_xlwheels@outlook.com | Trade Payable | | | | **$10,707,404.63** |
| 4 | **HONG KONG MIRIM LIMITED**<br>Unit 1707, Level 17, Millenium City 2<br>378 Kwun Tong Rd<br>Kwun Tong, KLN, Hong Kong | P: 852-2881-0883<br>F:<br>ch@8iwheel.com | Trade Payable | | | | **$6,291,285.91** |
| 5 | **TAIAN QICHENG WHEEL MANUFACTURING**<br>No. 68 Kejixi Rd, East New Zone<br>Taishan District<br>Taian City, Shandong Province, 271000, China | P: 86-0538-5059201<br>F: 0538-5059201<br>qicheng@qcwheel.com;<br>taqicheng@qcwheel.com | Trade Payable | | | | **$3,352,469.91** |
| 6 | **WHEELS INDIA LIMITED**<br>No. 1, M.T.H. Rd Padi Chennai<br>Tamil Nadu, 600050, India | P: 91-44-262-58511<br>F:<br>avinash_s@wheelsindia.com | Trade Payable | | | | **$3,334,597.98** |
| 7 | **MEYER DISTRIBUTING**<br>560 E 25th St<br>Jasper, IN 47546-8117 | Attn: Jeff Braun<br>P: 800-639-3787<br>F:<br>hosting@meyerdistributing.com | Trade Payable | | | | **$3,070,961.16** |
| 8 | **TAIAN HEXIN MANUFACTURING CO., LTD.**<br>No. 1 Guomao Rd<br>Xintai City Taian, 271200, China | P:<br>F:<br>ch@8iwheel.com | Trade Payable | | | | **$2,862,366.84** |

Debtor Wheel Pros, LLC, et al.
Name

Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **YHI MANUFACTURING (CHINA) CO.,LTD**<br>No 611 Shen Fu Road<br>Shanghai, 201108, China | P: 86-21-3407-4121<br>F: 86-21-6489-6326<br>wumeng@yhias.com | Trade Payable | | | | **$2,436,055.23** |
| 10 | **TURN 14 DISTRIBUTION**<br>100 Tournament Drive, Ste 100<br>Horsham, PA 19044 | P: 267-468-0350<br>F:<br>general@turn14.com | Trade Payable | | | | **$2,270,124.24** |
| 11 | **KING SWORD MANUFACTURING CO., LTD.**<br>No. 10 Zhangbin E 3rd Road<br>Changhua County, 50741, Taiwan | P: 886-4-7911133<br>F: 886-4-7911135<br>kingswordmfg@gmail.com | Trade Payable | | | | **$2,197,109.89** |
| 12 | **C.H. ROBINSON WORLDWIDE**<br>15701 Charlson Rd<br>Eden Prairie, MN 55347-5076 | P: 952-937-8500; 612-817-9753<br>F:<br>chrobinson@padillaco.com | Trade Payable | | | | **$2,178,350.86** |
| 13 | **VOSSEN MANUFACTURE CO LTD**<br>7/526 Moo. 6 T. Mapyangporn A.<br>Rayong Province, 21140, Thailand | P: 86-137-3898-2165<br>F:<br>huangliyan2165@jinfei.cn | Trade Payable | | | | **$1,664,546.80** |
| 14 | **NINGBO LIANDA WINCH CO**<br>Yushan Village<br>Dongqiao Town, Haishu, 315156, China | P: 88151208<br>F:<br>cui@ldnb.com; kai@ldnd.com; emily@ldnd.com | Trade Payable | | | | **$1,525,748.38** |
| 15 | **ADOBE INC**<br>345 Park Ave<br>San Jose, CA 95110 | P: 408-536-6000<br>F: 408-537-6000 | Trade Payable | | | | **$1,308,619.51** |
| 16 | **TOYO TIRE USA CORP**<br>5665 Plaza Drive, Suite 300<br>Cypress, CA 90630 | P: 714-236-2080<br>F: 714-229-6183<br>shearers@toyotires.com | Trade Payable | | | | **$1,284,441.36** |
| 17 | **ZHEJIANG DICASTAL HONGXIN TECHNOLOG**<br>No. 75 Dejian Rd, Food Industrial Park, Huangyan District<br>Taizhou City, Zhejiang Province, 318020, China | P: 0576-84161818<br>F:<br>xiaomiao@hxtwheel.com | Trade Payable | | | | **$1,222,868.08** |
| 18 | **GOURMET EQUIPMENT (TAIWAN) CORPORATION**<br>6F, No. 6 Lane 39, Zhongstan N Rd, Sec. 2<br>Taipei City, Taipei, 104010, Taiwan | P:<br>F:<br>michael@gecformosa.com.tw | Trade Payable | | | | **$1,127,079.53** |
| 19 | **MICKEY THOMPSON**<br>4651 Prosper Drive<br>Stow, OH 44224 | P: 330-928-9092<br>F: 330-928-0503<br>dsneddon@mickeythompsontires.com | Trade Payable | | | | **$1,098,244.96** |
| 20 | **FEDEX**<br>3875 Airways<br>Memphis, TN 38116 | P: 800-463-3339<br>F:<br>ftn_us@fedex.com | Trade Payable | | | | **$865,718.30** |

Debtor Wheel Pros, LLC, et al. Case number (if known)______
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 21 | **31 INCORPORATED**<br>PO Box 278<br>Newcomerstown, OH 43832 | P: 740-498-8324<br>F:<br>lkelley@31inc.com | Trade Payable | | | | **$782,328.28** |
| 22 | **KEYSTONE AUTOMOTIVE OPERATIONS**<br>44 Tunkhannock Ave<br>Exeter, PA 18643-1221 | P: 800-521-9999<br>F:<br>kaocustomercare@key-stone.com | Trade Payable | | | | **$701,481.96** |
| 23 | **WINBO DONGJIAN AUTOMOTIVETECHNOLOGY**<br>B333 Lecong Avenue W.<br>Foshan, 528315, China | P: 075-7280-82888<br>F:<br>lisa@dongjiancorp.com | Trade Payable | | | | **$687,937.93** |
| 24 | **ZHEJIANG YUELING CO LTD**<br>No.888 Zeguo Road Zeguo<br>Wenling, China | P: 86-576-86448228<br>F: 86-576-86402683<br>wheels@yueling.com.cn | Trade Payable | | | | **$654,455.11** |
| 25 | **COPLUS INC.**<br>No. 50, Keji 2nd Rd., Annan Dist<br>Tainan City, 709031, Taiwan | P: 886-6-384-0179<br>F:<br>jack.lin@coplus.com.tw | Trade Payable | | | | **$647,094.40** |
| 26 | **SUMITOMO RUBBER NORTH AMERICA**<br>8656 Haven Ave<br>Rancho Cucamonga, CA 91730-9103 | P: 800-723-2553<br>F:<br>hocampo@srnatire.com | Trade Payable | | | | **$522,853.99** |
| 27 | **T-MAX (HANGZHOU) TECHNOLOGY LTD**<br>No. 5, Road 5, Dongzhou Industrial Area<br>Fuyang City, 311401, China | P: 860571-87191166; 860571-87191022<br>F: 0571-87191088<br>tmax@tmaxtools.com | Trade Payable | | | | **$516,140.75** |
| 28 | **R&L CARRIERS, INC.**<br>600 Gillam Rd<br>Wilmington, OH 45177 | P: 937-382-1494<br>F: | Trade Payable | | | | **$475,301.97** |
| 29 | **NINGBO WHEELMAN AUTO PARTS CO LTD**<br>Room 1905 Haoru Bldg 468#<br>Ningbo, 315100, China | P:<br>F:<br>david@wheelman-auto.com | Trade Payable | | | | **$470,644.89** |
| 30 | **ZHEJIANG JINFEI KAIDA WHEEL CO**<br>No. 888 Zeguo Rd, Zeguo Town<br>Wenling City, Zheijiang, China | P:<br>F: 576-86402683<br>huangliyan2165@jinfei.cn | Trade Payable | | | | **$443,786.04** |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name | **WP NewCo, LLC** |
| United States Bankruptcy Court for the: | **District of Delaware** (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/08/2024**
MM/ DD/YYYY

☒ ***/s/ Vance Johnston***
Signature of individual signing on behalf of debtor

**Vance Johnston**
Printed name

**President**
Position or relationship to debtor

**OMNIBUS UNANIMOUS WRITTEN CONSENT
IN LIEU OF A SPECIAL MEETING
OF THE GOVERNING BODIES**

**September 6, 2024**

**WHEREAS,** after due deliberation, the undersigned, being the (i) board of directors of each entity listed on **Schedules 1-4**, attached hereto, (ii) sole member of each entity listed on **Schedules 5-11**, attached hereto, and (iii) board of managers of the entity listed on **Schedule 12**, attached hereto (the entities identified on **Schedules 1-12**, the "Companies" and each, a "Company" or a "Filing Entity") (the board of directors, sole member, or general partner of each Company, collectively, the "Governing Bodies" and each, a "Governing Body"), hereby take the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of each Governing Body, as applicable, pursuant to such Company's limited liability company agreement, bylaws, or limited partnership agreement, as applicable (the "Governing Agreement"), and the respective laws of the state of formation of each such Company;

**WHEREAS**, the Governing Body of each Company has reviewed and considered (a) presentations by such Company's management team (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each such Governing Body, (c) presentations by the Company's Management and Advisors regarding that certain restructuring support agreement (as may be amended, supplemented, or modified from time to time, the "Restructuring Support Agreement") and the key terms thereof; and (d) the related matters on and before the date hereof;

**WHEREAS**, the Restructuring Support Agreement contemplates that the Companies will, among other things, file a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and pursue confirmation and consummation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Wheel Pros, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as amended, supplemented, or modified from time to time, and including all supplements and exhibits thereto, the "Plan");

**WHEREAS**, each Governing Body has reviewed and considered presentations by Management and the Advisors regarding the postpetition credit facilities (the "DIP Financing") memorialized by the DIP Documents (as defined herein) and other transactions contemplated in the Restructuring Support Agreement;

**WHEREAS**, each Governing Body has had adequate opportunity to consult with Management and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Companies; and

**WHEREAS**, each Governing Body has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the articles of incorporation and applicable governing documents of the Companies, the Governing Bodies hereby adopt the following resolutions:

**CHAPTER 11 FILING**

**RESOLVED**, that in the business judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "Bankruptcy Petition", and together with all matters contemplated by the Restructuring Support Agreement and the DIP Financing, including any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale or other fundamental transaction contemplated thereby, collectively, the "Restructuring Matters") for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") or other court of competent jurisdiction; and, in accordance with the requirements of the Governing Agreements and applicable law, hereby consent to, authorize, approve, confirm and ratify all actions in connection with the filing of the respective Bankruptcy Petition;

**RESOLVED**, that it is desirable and in the best interests of the Governing Bodies to appoint Vance Johnston to serve as authorized agent and signatory of each Company effective immediately; and

**RESOLVED**, that Vance Johnston, any of the Chief Executive Officer, President, Chief Financial Officer, Executive Vice President, General Counsel, or Secretary or any other duly-appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; and

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**RETENTION OF PROFESSIONALS**

**RESOLVED**, that each of the Filing Entities be, and they hereby are, authorized and directed to employ (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis

International LLP (together, "Kirkland"), as restructuring counsel, (b) the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J"), as Delaware restructuring counsel; (c) Alvarez & Marsal North America, LLC ("A&M"), as financial advisor, (d) Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as co-investment banker, (e) Stifel Financial Corporation ("Stifel"), as co-investment banker, (f) Deloitte Touche Tohmatsu Limited ("Deloitte"), as tax advisor, (g) Stretto, Inc. ("Stretto"), as notice and claims agent and administrative advisor, and (h) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, PSZ&J, A&M, Houlihan Lokey, Stifle, Deloitte, and Stretto, the "Retained Professionals") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals.

**THE RESTRUCTURING SUPPORT AGREEMENT, CHAPTER 11 PLAN, AND DISCLOSURE STATEMENT**

**RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest that each such Company and the other parties thereto enter into the Restructuring Support Agreement (substantially in the form presented to each Governing Body, with such changes as approved by one or more Authorized Signatories, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof) and commence solicitation of the Plan consistent with the Restructuring Support Agreement, and that each Company's performance of its obligations under the Restructuring Support Agreement be and hereby is, in all respects, authorized, approved, confirmed and ratified;

**RESOLVED**, that in the judgment of the Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and the other parties in interest, that the Authorized Signatories, acting individually and with full power of substitution, be, and hereby are, authorized, approved, empowered and directed, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to undertake and enter into the Restructuring Support Agreement (including the DIP Financing) and to consummate the transactions contemplated thereby, including without limitation, the negotiation and documentation of the Restructuring Matters, the incurrence of indebtedness, assumption of obligations, rejection of obligations, sale of the Companies, sale of equity or assets, merger, liquidation, or other transactions contemplated thereby and all exhibits, schedules, attachments, and ancillary documents or agreements related thereto (each in the form and upon the terms as such Authorized Signatory may approve, such approval to be conclusively established by such Authorized Signatory's execution and delivery or taking thereof), and that such Companies' entry into and performance of its obligations in respect thereof, is, in all respects, authorized, approved, confirmed and ratified; and

**RESOLVED**, that each of the Authorized Signatories, acting individually and with full power of substitution, be, and hereby is, authorized, approved, empowered and directed, to take or

cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to support or consummate the Restructuring Matters, if confirmed by the Bankruptcy Court, and all transactions contemplated by the Restructuring Support Agreement (including, without limitation, the incurrence of indebtedness, rejection of obligations, sale of the Companies, sale or equity or assets, merger liquidation, or other transactions that may be in furtherance of the Restructuring Matters).

**CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION**

**RESOLVED**, that the Filing Entities will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders party to (i) that certain ABL Credit and Guarantee Agreement dated as of May 11, 2021 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "ABL Credit Agreement"), by and among Wheel Pros, Inc., as borrower, certain Companies as borrowers and guarantors party thereto, Wheel Pros Intermediate, Inc., as holdings, as the holders of claims arising under, derived from, based on, or related to the Revolving Loans or Revolving Obligations (as defined in the ABL Credit Agreement) (the "ABL Lenders"), and Wells Fargo Bank, National Association as the administrative agent and collateral agent for the ABL Lenders (the "ABL Agent"), (ii) the ABL Credit Agreement as the holders of claims arising under, derived from, based on, or related to the FILO Term Loans or FILO Obligations (as defined in the ABL Credit Agreement) (the "FILO Lenders"), and Alter Domus (US) LLC as administrative agent and collateral agent for the FILO Lenders (the "FILO Agent"), (iii) that certain First Lien Term Loan Credit Agreement, dated as of September 11, 2023 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "NewCo First Lien Credit Agreement") by and among WP NewCo, LLC, as the borrower, WP NewCo HoldCo, LLC, as holdings, Wheel Pros Intermediate, Inc., Wheel Pros, Inc., each lender from time to time party thereto (collectively, the "NewCo First Lien Lenders"), and Alter Domus (US) LLC, as administrative agent and collateral agent for the NewCo First Lien Lenders (the "NewCo First Lien Agent"), (iv) that certain First Lien Credit Agreement, dated as of September 11, 2021 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "Legacy First Lien Credit Agreement"), by and among Wheel Pros, Inc., as the borrower, Wheel Pros Intermediate, Inc., as holdings, the guarantors party thereto from time to time, Deutsche Bank AG New York Branch as administrative agent and collateral agent (the "Legacy First Lien Agent"), and each lender from time to time party thereto (collectively, the "Legacy First Lien Lenders"), (v) that certain Note Purchase Agreement, dated as of September 11, 2023 (as amended, restated, amended and restated, supplemented or otherwise modified prior to the date hereof, the "Note Purchase Agreement") by and among WP NewCo, LLC as the issuer, WP NewCo HoldCo, LLC, as holdings, Wheel Pros Intermediate, Inc., Wheel Pros, Inc., the guarantors party thereto, GLAS Trust Company LLC as notes agent and collateral agent (the "Secured Notes Agent") and the holders of claims arising thereunder (the "Secured Note Holders"), providing for the issuance of senior second lien notes due in 2028 on the terms and subject to the conditions set forth therein, and (vi) that certain First Lien Intercompany Credit Agreement, dated as of September 11, 2023 (as amended, restated, amended and restated, supplemented, or otherwise modified prior to the date hereof, the "Intercompany Credit

Agreement") by and among Wheel Pros, Inc., as the borrower, Wheel Pros Intermediate, Inc., as holdings, WP NewCo, LLC, as the lender (the "Intercompany Lender," and together with the ABL Lenders, the FILO Lenders, the NewCo First Lien Lenders, the Legacy First Lien Lenders, and the Secured Note Holders, collectively, the "Secured Lenders") and Alter Domus (US) LLC, as the administrative agent and collateral agent for the Intercompany Lender (the "Intercompany Agent," and together with the ABL Agent, the FILO Agent, the NewCo First Lien Agent, the Legacy First Lien Agent, and the Secured Notes Agent, collectively, the "Agents"), (b) the incurrence of financing obligations under a new-money debtor-in-possession agreement (the "DIP Term Loan Facility"), and (c) a roll-up facility, representing a roll-up of the "Revolving Obligations" (as defined in the ABL Credit Agreement) under the ABL Credit Agreement (the "DIP ABL Facility" and, together with the DIP Term Loan Facility, the "DIP Facilities");

**RESOLVED**, that in order to use and obtain the benefits of (a) the DIP Facilities and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed order in interim and final form (collectively, the "DIP Orders") and submitted for approval to the Bankruptcy Court;

**RESOLVED**, that the form, terms, and provisions of the DIP Orders to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take such actions and negotiate or cause to be prepared and negotiated and to execute and deliver the DIP Orders and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities are or will be parties, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents") and perform, and cause the performance of, the obligations thereunder, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, on the terms or substantially on the terms submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Filing Entities executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**RESOLVED**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on their assets to secure such obligations;

**RESOLVED**, that the Authorized Signatories of the Filing Entities be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and (i) execute the DIP Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent;

and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents and perform or cause the Filing Entities to perform the obligations thereunder, (ii) grant and continue to grant liens on its property as set forth in the DIP Documents and to take such further action to maintain and perfect such liens and otherwise as necessary to effect the purposes of the DIP Documents, including, without limitation, to pledge and deliver stock certificates and promissory notes and to execute and deliver any and all certificates, intellectual property security agreements, and (iii) guarantee the Guaranteed Obligations to the extent it is a Guarantor under the DIP ABL Facility;

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Filing Entities that the Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Filing Entities and such other filings in respect of intellectual and other property of the Filing Entities, in each case as the Agents may reasonably request to perfect the security interests of the Agents under the DIP Orders; and

**RESOLVED**, that each of the Authorized Signatories of the Filing Entities be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Filing Entities to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Filing Entities in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate and enter into supplemental agreements, amendments, instruments, certificates, consents or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents or documents in the name and on behalf of each Filing Entity, which shall in their sole judgment be necessary, proper, or advisable to perform the Filing Entities' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

**GENERAL**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Agreement of each Company, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that (a) the foregoing resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on the Governing Bodies and each Company.

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

DocuSigned by:

1071742C4068469...

José E. Feliciano

DocuSigned by:

COLIN LEONARD

165FD1A824C84FF...

Colin Leonard

DocuSigned by:

Dilshat Erkin

6BEB3B376B214CA...

Dilshat Erkin

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES LISTED ON SCHEDULE 1

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

DocuSigned by:
1071742C4068469...

José E. Feliciano

DocuSigned by:
COLIN LEONARD
165FD1A824C84FF...

Colin Leonard

DocuSigned by:
6BEB3B376B214CA...

Dilshat Erkin

Jonathan F. Foster

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES LISTED ON SCHEDULE 2

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

_______________________________
José E. Feliciano

_______________________________
Colin Leonard

_______________________________
Dilshat Erkin

DocuSigned by:
Jonathan F. Foster
A03EDDA37B294E4...
_______________________________
Jonathan F. Foster

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES LISTED ON SCHEDULE 2

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430...

Vance Johnston

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES LISTED ON SCHEDULE 3

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430

Vance Johnston

BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH OF THE COMPANIES LISTED ON SCHEDULE 4

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430

Name: Vance Johnston
Its: Authorized Signatory

WHEEL PROS, INC. BEING THE SOLE MEMBER OF EACH OF THE COMPANIES LISTED ON <u>SCHEDULE 5</u>

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Thomas M. Fuller
812C7A18B36544C...

Name: Thomas M. Fuller
Its: Authorized Signatory

WP NEWCO HOLDCO, LLC BEING THE SOLE MEMBER OF THE COMPANY LISTED ON SCHEDULE 6

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430...

Name: Vance Johnston
Its: Authorized Signatory

WHEEL PROS, LLC BEING THE SOLE MEMBER OF EACH OF THE COMPANIES LISTED ON SCHEDULE 7

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430...

Name: Vance Johnston
Its: Authorized Signatory

TAP AUTOMATIVE HOLDINGS, LLC BEING THE SOLE MEMBER AND THE MANAGER OF THE COMPANY LISTED ON SCHEDULE 8

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430...

Name: Vance Johnston
Its: Authorized Signatory

HOONIGAN, LLC BEING THE SOLE MEMBER AND THE MANAGER OF EACH OF THE COMPANIES LISTED ON SCHEDULE 9

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430...

Name: Vance Johnston
Its: Authorized Signatory

TRS HOLDCO, LLC, BEING THE SOLE MEMBER AND THE MANAGER OF THE COMPANY LISTED ON SCHEDULE 10

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

Signed by:
Vance Johnston
D5555DDBB838430...

Name: Vance Johnston
Its: Authorized Signatory

THE RETROFIT SOURCE, LLC, BEING THE SOLE MEMBER AND THE MANAGER OF EACH OF THE COMPANIES LISTED ON SCHEDULE 11

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

DocuSigned by:
1071742C4068469...

José E. Feliciano

DocuSigned by:
COLIN LEONARD
165FD1A824C84FF...

Colin Leonard

DocuSigned by:
Dilshat Erkin
6BEB3B376B214CA...

Dilshat Erkin

Vance Johnston

Mervin Dunn

Tom Koos

Nneka Rimmer

Yasir Anwar

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON SCHEDULE 12

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

______________________________
José E. Feliciano

______________________________
Colin Leonard

______________________________
Dilshat Erkin

Signed by:
Vance Johnston
D5555DDBB838430...

Vance Johnston

______________________________
Mervin Dunn

______________________________
Tom Koos

______________________________
Nneka Rimmer

______________________________
Yasir Anwar

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON <u>SCHEDULE 12</u>

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

______________________________

José E. Feliciano

______________________________

Colin Leonard

______________________________

Dilshat Erkin

______________________________

Vance Johnston

DocuSigned by:
Mervin Dunn
E201BDC79053443...

Mervin Dunn

______________________________

Tom Koos

______________________________

Nneka Rimmer

______________________________

Yasir Anwar

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON SCHEDULE 12

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

____________________________
José E. Feliciano

____________________________
Colin Leonard

____________________________
Dilshat Erkin

____________________________
Vance Johnston

____________________________
Mervin Dunn

DocuSigned by:
Tom Koos
690DC6157DE2471...
Tom Koos

____________________________
Nneka Rimmer

____________________________
Yasir Anwar

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON SCHEDULE 12

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

______________________________
José E. Feliciano

______________________________
Colin Leonard

______________________________
Dilshat Erkin

______________________________
Vance Johnston

______________________________
Mervin Dunn

______________________________
Tom Koos

DocuSigned by:
D8F06D51B97349B...
______________________________
Nneka Rimmer

______________________________
Yasir Anwar

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON <u>SCHEDULE 12</u>

**IN WITNESS WHEREOF**, the undersigned Governing Body has executed this written consent as of the date above first written.

______________________________
José E. Feliciano

______________________________
Colin Leonard

______________________________
Dilshat Erkin

______________________________
Vance Johnston

______________________________
Mervin Dunn

______________________________
Tom Koos

______________________________
Nneka Rimmer

Signed by:
Yasir Anwar
8E54559EF2724E5...
______________________________
Yasir Anwar

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON SCHEDULE 12

## SCHEDULE 1

| | Company | Jurisdiction |
|---|---|---|
| 1. | Wheel Pros Parent II, Inc. | Delaware |
| 2. | Wheel Pros Parent, Inc. | Delaware |
| 3. | Wheel Pros Intermediate Holdings, Inc. | Delaware |

## SCHEDULE 2

| | Company | Jurisdiction |
|---|---|---|
| 1. | Wheel Pros Intermediate, Inc. | Delaware |
| 2. | Wheel Pros, Inc. | Delaware |

## SCHEDULE 3

| | Company | Jurisdiction |
|---|---|---|
| 1. | Throtl Inc. | Delaware |
| 2. | Teraflex, Inc. | Utah |

## SCHEDULE 4

| | Company | Jurisdiction |
|---|---|---|
| 1. | American Racing Equipment, Inc. | British Columbia, Canada |

## SCHEDULE 5

| | Company | Jurisdiction |
|---|---|---|
| 1. | Wheel Pros, LLC | Delaware |
| 2. | WP NewCo Holdco, LLC | Delaware |

**SCHEDULE 6**

| Company | | Jurisdiction |
|---|---|---|
| 1. | WP NewCo, LLC | Delaware |

**SCHEDULE 7**

| Company | | Jurisdiction |
|---|---|---|
| 1. | TAP Automotive Holdings, LLC | Delaware |
| 2. | TAP Worldwide, LLC | Delaware |
| 3. | Hoonigan, LLC | Delaware |
| 4. | WPM Holdings, LLC | Delaware |
| 5. | Mobile Hi-Tech Wheels, LLC | Delaware |
| 6. | Just Wheels & Tires LLC | California |
| 7. | TRS Holdco, LLC | Delaware |
| 8. | MF Equipment, LLC | Wyoming |
| 9. | MF IP Holding, LLC | Wyoming |

**SCHEDULE 8**

| Company | | Jurisdiction |
|---|---|---|
| 1. | TAP Manufacturing, LLC | Delaware |

**SCHEDULE 9**

| Company | | Jurisdiction |
|---|---|---|
| 1. | Hoonigan Industries, LLC | California |
| 2. | 43 Racing, LLC | Utah |

## SCHEDULE 10

| | Company | Jurisdiction |
|---|---|---|
| 1. | The Retrofit Source, LLC | Delaware |

## SCHEDULE 11

| | Company | Jurisdiction |
|---|---|---|
| 1. | Morimoto Lighting LLC | Delaware |
| 2. | Defoor Products, LLC | Delaware |

## SCHEDULE 12

| | Company | Jurisdiction |
|---|---|---|
| 1. | Wheel Pros Holdings, L.P. | Delaware |